FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION** 2003 SEP -9 P 3: 37

CLERK US DISTRICT COURT

TAMARA FRAZIER,

     Plaintiff,

                         CASE NO.: 3:03-CV-764-J-20 MMH

v.

T-MOBILE USA, INC.,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1.     This is a suit for damages and injunctive relief under Title VII of the Civil

Rights Act of 1964, as amended by the Civil Rights Act of 1991, and as amended by the

Pregnancy Discrimination Act of 1979, 42 U.S.C. 2000e et seq., the Florida Civil Rights Act

of 1992, Fla. Stat. 760 et seq., for sex and pregnancy discrimination, and the Americans with

Disabilities Act of 1990, 42 U.S.C. 15101 et seq.; and for retaliation (interference in

violation of the Family Medical Leave Act, 29 U.S.C. 2001 et seq.

### JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331,

1343(a)(3) and (4), and Title VII. The Courts supplemental jurisdiction is invoked pursuant

to 28 U.S.C. 1367, and the Court has supplemental jurisdiction over the state law claims.

3.     Plaintiff has complied with all conditions precedent to the filing of this suit

required by 42 U.S.C. 2000(e)-5(f)(3) and Florida Statutes, Chapter 760. A Charge of Discrimination was filed by Plaintiff with the Equal Employment Opportunity Commission in a deferral State within 300 days of the alleged unlawful employment practice. The charge was also filed with the Florida Commission on Human Relations. Plaintiff has filed this suit within 90 days of receiving a Right to Sue notice and within four years of the discriminatory acts. All administrative prerequisites have been satisfied and this suit is timely filed.

## PARTIES

4.     Plaintiff is a female citizen of the United States, and was employed by Defendant at all times material to this Complaint.

5.     Defendant, T-Mobile USA, Inc., is a corporation licensed to do business in the State of Florida.

## STATEMENT OF FACTS

6.     Plaintiff worked for Defendant from on or about May of 2001 until she was terminated on or about December 13, 2002. Plaintiff's position was Customer Service Representative, and her direct supervisor was Kevin Nelms.

7.     During her employment, Plaintiff became pregnant and suffered from pregnancy related ailments. Plaintiff had to miss work due to surgery in January of 2002, as a result of a pregnancy related ailment.

8.     Beginning on or about May of 2002, Plaintiff missed worked due to her pregnancy, and because the doctors repeatedly predicted the baby would come earlier than

2

it did (based on a condition Plaintiff has that has repeatedly caused her to have miscarriages or tubal pregnancies).

9.    Subsequent to the birth of her child, Plaintiff again missed work on or about November 30, 2002, due to postpartum depression and due to caring for her newly born son who cut his finger.

10.    Most of Plaintiff's leave time was authorized and indeed was covered by the Defendant's disability insurance policy, which was part of Plaintiff's employee benefits. Nevertheless, Defendant terminated Plaintiff based on pregnancy, pregnancy related ailments, child rearing, and based on Plaintiff having a disability/handicap within the meaning of the ADA and the Florida Civil Rights Act.

11.    Defendant could have accommodated Plaintiff by allowing her leave time without terminating her, which would not have posed an undue hardship on the employer. Defendant, however, refused to do so, and instead terminated Plaintiff on or about December 13, 2002.

12.    Subsequent to the termination, the employer misrepresented to the Florida Department of Labor and Employment Security (regarding Plaintiff's unemployment claim) that Plaintiff had voluntarily resigned.  This explanation was pretextual.

## COUNT I

### DISCRIMINATION BASED ON SEX AND PREGNANCY IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT IN 1979, AND THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. 2000 ET SEQ.

13.     Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 12.

14.     Plaintiff's sex and pregnancy was a motivating factor in Defendant's decision to terminate her employment. Plaintiff would not have been terminated but for her sex and condition of pregnancy. The reasons Defendant articulates for the termination are deliberately pretextual.

15.     The above described discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a result, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay and front pay, compensatory and emotional distress damages, injunctive relief and reinstatement, prejudgement interest, attorney's fees and costs, punitive damages, and any other such relief that the Court deems appropriate.

## COUNT II

### DISCRIMINATION BASED ON SEX AND PREGNANCY IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLA. STAT. 760 ET SEQ.

16.     Plaintiff hereby restates and realleges each and every factual allegation

4

contained in Paragraphs 1 through 12.

17.    Plaintiff's sex and pregnancy was a motivating factor in Defendant's decision to terminate her employment.  Moreover, Plaintiff would not have been terminated but for her sex and condition of pregnancy.  The reasons Defendant articulates for the termination are deliberately pretextual.

18.    The above described discrimination was done by Defendant intentionally, wilfully and maliciously and with a reckless disregard for Plaintiff's rights.  As a result, Plaintiff has suffered damages.

19.    Plaintiff has retained the undersigned counsel and will continue to incur attorney's fees and costs.

20.    Defendant's discrimination and retaliation against Plaintiff due to her disability has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for lost wages, other pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay and front pay, compensatory and emotional distress damages, injunctive relief and reinstatement, prejudgement interest, attorney's fees and costs, punitive damages, and any other such relief that the Court deems appropriate.

## COUNT III

## DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT

21.　　Plaintiff hereby restates and realleges each and every factual allegation contained Paragraphs 1 through 12.

22.　　At all times material to this complaint, Plaintiff has been an individual with a "disability" within the meaning of §3(2) of the Americans with Disability Act, 42 U.S.C. §12102(2). Her pregnancy related disorder substantially limits one or more major life activities (including reproduction) on more than a temporary or transient basis.

23.　　Plaintiff is a "qualified individual with a disability" as the term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of all of the jobs in question.

24.　　Defendant's decision to terminate Plaintiff based upon her physical and/or mental impairment, and/or her record of such impairment and/or having been regarding as having such impairment.

25.　　The termination of  Plaintiff also constitutes unlawful retaliation based on Plaintiff having requested accommodations.

26.　　The discriminatory and retaliatory practices described above were done by Defendant with malice or with reckless indifference to Plaintiff's federally protected rights.

6

27.     Defendant's discrimination and retaliation against Plaintiff due to her disability has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for lost wages, other pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of back pay, front pay, lost benefits, compensatory damages and emotional distress damages, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT IV

## HANDICAP DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLA. STAT. 760 ET SEQ.

28.     Plaintiff hereby restates and realleges each and every factual allegation contained Paragraphs 1 through 12.

29.     At all times material to this Complaint, Plaintiff has been a handicapped individual within the meaning of the Florida Civil Rights Act. Her pregnancy related disorder substantially limits one or more major life activities (including reproduction) on more than a temporary or transient basis.

30.     Plaintiff is an individual with a handicap who, with or without a reasonable accommodation, can perform the essential functions of the job in question.

31.     Defendant's decision to terminate Plaintiff was based upon her physical and/or

7

mental impairment, and/or her record of having such an impairment or disability and/or having been regarded as having such an impairment.

32.    The termination of Plaintiff also constitutes unlawful retaliation based on Plaintiff having requested accommodations.

33.    The discriminatory and retaliatory practices described above were done by the Defendant with malice or with reckless indifference to Plaintiff's rights under state law.

34.    Defendant's discrimination and retaliation against Plaintiff due to her disability has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for lost wages, other pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of back pay, front pay, lost benefits, compensatory damages and emotional distress damages, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT V

### RETALIATION AND INTERFERENCE, IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. 2601 ET SEQ.

35.    Plaintiff hereby restates and realleges each and every factual allegation contained Paragraphs 1 through 12.

36.    At all material times, Defendant has employed 50 or more workers within a 75

8

mile radius.  Plaintiff was employed within that 75 mile radius, had worked for Defendant for at least 12 months, and had worked at least 1250 hours within the 12 months proceeding her termination.  Plaintiff was therefore eligible for FMLA coverage.

37.    Plaintiff exercised her right to FMLA leave with regard to her pregnancy and pregnancy related ailments.

38.    The fact that Plaintiff asserted her FMLA rights was a substantial motivating factor in the Defendant's decision to terminate her employment.  Plaintiff would not have been terminated but for her protected activity.

39.    With regard to the unlawful retaliation and/or interference described above, the Defendant acted willfully and in bad faith such that Plaintiff is entitled to liquidated damages in an amount equal to her lost wages.

40.    As a result of the above actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands a trial by jury on all issues so triable and relief in the form of economic damages, backpay and frontpay, equitable relief, reinstatement, prejudgment interest, attorneys' fees and costs, liquidated damages and any other such relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

ARCHIBALD J. THOMAS, III, P.A.
Suite 1640, Riverplace Tower
1301 Riverplace Boulevard
Jacksonville, Florida 32207
(904) 396-2322
(904) 398-3271 (Facsimile)

Archibald J. Thomas, III
Florida Bar No. 231657
P. Daniel Williams
Florida Bar No. 0036625
Trial Attorneys for Plaintiff

10